UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAKE NAMJIK CHO | No. 2:23-po-00003-KFW |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant Dr. Jake Cho wants the Court and the world to believe that he assaulted the victim in this case, a vulnerable young woman half his age, because of a "bout of turbulence." *See* ECF No. 17, at 2 ("During a bout of turbulence, Dr. Cho's hand landed on M.D.'s lap.") As the victim made clear, however, Dr. Cho's hand did not merely "land" on "her lap" on March 18, 2023. Instead, Dr. Cho slipped his hand between the victim's legs and *touched her crotch*. Revised PSR, ¶ 4. That is why the victim reported the assault to the Portland Police that very same evening, and that is why the defendant is now before this Court to face the consequences of his unlawful actions.[1] For all the reasons set forth below, the government intends to recommend that the Court impose a term of probation of two years, with a special condition requiring the defendant to participate in a mental health assessment and treatment.

---

[1] The defendant also spends a meaningful portion of his sentencing memorandum faulting the FBI agent who administered a polygraph to him on April 1, 2023. *See* ECF No. 17, at 3-5. What the defendant conveniently omits from his recitation of the events that transpired between the night of the assault and April 1, 2023, is that he *repeatedly lied* about his conduct to the FBI agents investigating the incident. Indeed, when the defendant showed up on April 1, 2023, to take the polygraph, he told the agents that he was there because "a female passenger had *made up a story about him* assaulting her on a flight to Portland." *See* Revised PSR, ¶ 8 (emphasis added). Notwithstanding the defendant's protestations about the process, it was not until he was confronted with the results of the polygraph that he finally admitted what he had done to the victim. The agent's tactics were not "illegal," as the defendant suggests. They were effective. And at the end of the day, although the defendant claims that he was pressured to "admit to something," ECF No. 17, at 4, notably the defendant does *not* allege that anything he told the agent on April 1, 2023, was untrue.

## OVERVIEW OF THE FACTS

On the night of March 18, 2023, a young college student named M.D. was on her way home to spend spring break with her parents when the unthinkable happened. A nondescript, middle-aged man seated beside her on the flight began leaning into her space and touching her feet with his feet. Distressed but unsure how to deal with the situation, M.D. shrank into a ball and huddled against the window of the plane, in an attempt to position herself as far away from the man as possible. Undeterred, the man continued to invade her personal space. Finally, towards the end of the flight, after the flight attendants had instructed everyone to remain seated because of turbulence, the man reached over into M.D.'s seat and slipped his hand between M.D.'s legs, touching her crotch.

Here is how the victim herself described the incident, and how it made her feel:

> *The assault on the flight made me constantly question my ability to judge my safety. On the flight, the man in the seat next to me repeatedly found the opportunity to touch me and invade my space. I doubted my internal alarms. I didn't want to cause a scene or embarrass the man. Certainly, he couldn't have realized all the ways he was making me feel uncomfortable. Could he? I was raised to be polite and be kind to others. By the time the turbulence became so bad that they had the flight attendants take their seats, I felt trapped in my window seat, the man's limbs forcing me into a smaller and smaller space. Looking back, I scream at myself to scream. This man knew exactly what he was doing. Instead of making a fuss, I kept moving away and making myself smaller and smaller. When he finally grabbed me between my legs, I found my voice, but my shock kept me frozen in my seat. Why did he think had the right to take away my space and touch me?*[2]  ECF No. 15-1 (VIS, filed under seal).

---

[2] M.D. was interviewed by the Portland Police at the airport after she told her parents what had happened to her that night. That interview was captured by an officer's body-worn camera and is being submitted herewith under seal as Government's Sentencing Exhibit 1. It is worth watching because it not only reflects M.D.'s contemporaneous description of what transpired, but it shows quite vividly M.D.'s physiological response to what had happened to her. As she speaks to the officer from the back of her parents' car, she is literally curled up in a ball in the fetal position.

In fact, the defendant did not have the right to touch M.D. And by doing so, he broke the law.

## ARGUMENT

In his sentencing memo, the defendant asks this Court to impose "a fine and any payment of restitution." ECF No. 17, at 9.[3] In the event that the Court determines that a period of supervision is required, he asks in the alternative that the Court impose a term of probation of "no more than one year." *Id*. The government respectfully submits that a fine alone is woefully inadequate given the facts and circumstances of this case, and that a two-year term of probation is warranted.

As the Introductory Commentary to U.S.S.G. §5B1.1 makes clear, probation is "a sentence in and of itself," and "may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant." U.S.S.G. Ch.5, Pt. B, intro. comment.; *see also* 18 U.S.C. § 3562(a) (directing the court to consider "the factors set forth in section 3553(a)" in determining whether to impose a term of probation, as well as the length and conditions of any such term).

In this case, the government respectfully submits that a two-year term of probation which includes mental health treatment as a special condition is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. §

---

[3] The victim is not seeking monetary restitution in this case. The only thing that M.D. has asked for is that the defendant's punishment "strongly deters him from ever assaulting anyone else."

3

3553(a). The defendant in this case, whether by virtue of his gender, superior age, or vaulted status as a physician (or all of the above), thought he could get away with assaulting a vulnerable young woman on a plane, who was trapped and had no place else to turn. Although no sentence can restore the "time, innocence, and peace of mind" that the defendant stole from the victim in this case, *see* ECF No. 15-1 (VIS), a meaningful term of probation will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the crime, and will serve as a deterrent to others. For that reason, the government respectfully urges the Court to impose a two-year term of probation in this case.

      Finally, the government recognizes that the defendant's career has been somewhat sidelined by virtue of the instant criminal case. It is not the government's intention to ruin Dr. Cho's life or career. Indeed, that is precisely why the government elected to forego the felony sexual assault charge and charge him instead with a lesser offense. The government recognized that a felony conviction could have ruined Dr. Cho's chances of practicing medicine in the future. To be clear and to set the record straight, that is the reason (and the only reason) why the defendant is now facing a misdemeanor charge and not a felony charge.[4]

---

[4] In his sentencing memo, the defendant claimed that this case was "being resolved as a misdemeanor because of the suspect and questionable investigation in this matter." ECF No. 17, at 3. That is simply false. This case is being resolved as a misdemeanor for all the reasons – and only the reasons – noted above.

## CONCLUSION

For the reasons stated above, the government respectfully submits that its sentencing recommendation of 24 months' probation is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a). It reflects the seriousness of the offense, takes into account the defendant's personal history and characteristics, promotes respect for the law, deters this defendant and others from engaging in similar misconduct, and provides just punishment.

Date:  January 19, 2024                              Respectfully Submitted,

DARCIE N. MCELWEE
United States Attorney

*/s/ Sheila W. Sawyer*

SHEILA W. SAWYER
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
Sheila.Sawyer@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on January 19, 2024, I electronically filed the foregoing Sentencing Memorandum using the CM/ECF system which will send notifications of such filing(s) to all counsel of record.

                                         DARCIE N. MCELWEE
                                         United States Attorney

by:     */s/ Sheila W. Sawyer*
                          SHEILA W. SAWYER
                          Assistant United States Attorney
                          U.S. Attorney's Office
                          100 Middle Street
                          Portland, Maine 04101
                          (207) 780-3257
                          Sheila.Sawyer@usdoj.gov